# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BILLY COFFMAN, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-CV-570 SRW |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Commissioner's Motion to Reverse and Remand this case for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF No. 22. Plaintiff filed a response indicating he has no objection to the motion. ECF No. 23. The Court has jurisdiction over the subject matter of this action under § 405(g). The parties have consented to the exercise of authority by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On May 1, 2023, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. ECF No. 1. The Commissioner filed the transcript of the administrative proceedings on August

---

[1] At the time this case was filed, Kilolo Kijakazi was the Commissioner of Social Security. Martin J. O'Malley became the Commissioner of Social Security on December 20, 2023. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name, and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Martin J. O'Malley for Kilolo Kijakazi in this matter.

29, 2023. ECF No. 12. Plaintiff filed a brief in support of the complaint on October 13, 2023, asserting four points of error. ECF No. 15.

On December 21, 2023, the Commissioner filed the instant Motion to Reverse and Remand this case for further action under sentence four of section 205(g) of the Social Security Act, which permits the Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner represents that upon review of the record, agency counsel determined remand is required for further evaluation of Plaintiff's claim. ECF No. 22. The Commissioner asserts that upon remand, "the agency will reassess the medical opinion evidence; take further action to complete the administrative record; and issue a new decision." *Id.* at 1.

Upon review of Plaintiff's brief in support of his complaint, the ALJ's decision, and the Commissioner's motion, the Court agrees with the Commissioner that this case should be reversed and remanded pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for further evaluation of Plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Reverse and Remand [ECF No. 22] is **GRANTED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED**.

**IT IS FURTHER ORDERED** that pursuant to sentence four of 42 U.S.C. § 405(g), this case is **REMANDED** to the Commissioner for further consideration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Martin J. O'Malley for Kilolo Kijakazi in the court record of this case.

So Ordered this 3rd day of January, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE